UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV474-3-W
(3:07CR89-W)

| | |
|---|---|
| **EZEQUIEL JAIMES-BUSTOS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before this Court upon Petitioner's "Motion to Vacate, Set Aside, Or Correct Sentence," filed October 14, 2008. After having carefully reviewed the Petitioner's Motion, the record of the Petitioner's criminal case and the relevant legal precedent, the Court concludes, out of an abundance of caution, that the Petitioner's Motion to Vacate should be granted, but only for the purpose of allowing him to pursue a direct appeal of his conviction and sentence in his underlying criminal case.

## I. FACTUAL AND PROCEDURAL

According to the record, Petitioner was named in a one-count Bill of Indictment which charged him with reentry and deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On September 13, 2007 Petitioner pled guilty to the Indictment, without the benefit of a plea agreement. Petitioner was sentenced on February 11, 2008 to 41 months imprisonment.

The Petitioner did not directly appeal his conviction or sentence. Rather, on October 14,

2008, the Petitioner filed the instant Motion to Vacate. By this Motion, Petitioner alleges two claims of relief – the most important one being that trial counsel was ineffective for having failed to file a appeal as the Petitioner desired. In particular, Petitioner asserts that after his sentencing when he expressed disappointment at the length of his sentence, counsel told him that he would be filing an appeal on Petitioner's behalf the following week. Petitioner responded "Mr. Fagerberg, please I request you appeal because I am receiving a long time 41 months for my first Re-entry." (Motion at 3.) Five days after Petitioner was sentenced, Petitioner's wife called counsel and requested that he file an appeal on her husband's behalf. Counsel advised Petitioner's wife that he submitted a notice of appeal to the Fourth Circuit Court of Appeals and that she should not worry. (Erica Medrano Affidavit, attached to Motion to Vacate.) Two months later, Petitioner's wife called counsel to check on the status of Petitioner's appeal and was told that he needed $10,000 more or there would be no appeal. (Motion at 3.) In June 2008, Petitioner's wife called counsel again and was told that the appeal had been withdrawn. (Id.)

Upon careful consideration of this matter, the Court finds that the Petitioner's Motion to Vacate should be granted for the limited purpose of allowing him to perfect a direct appeal.

## II. ANALYSIS

Indeed, it is well settled that an attorney's failure to file an appeal when requested by his client to do so is per se ineffective assistance of counsel, irrespective of the merits of the appeal. United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993); see also Evitts v. Lucey, 469 U.S. 387, 391-405 (1985) (same); United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

In the instant case, Petitioner has alleged that after he was sentenced, he specifically asked counsel to file an appeal on his behalf. Several days after Petitioner was sentenced, Petitioner's wife also asked counsel to file an appeal on her husband's behalf. Counsel indicated to Petitioner's wife that he did, in fact, file a notice of appeal in the Fourth Circuit Court of Appeals. However, two months later, counsel told Petitioner's wife that unless he received more money, no appeal would be filed. Counsel subsequently told Petitioner's wife that her husband's appeal had been withdrawn. Even if the government were to file an answer or otherwise file a response with an affidavit or other document in which counsel simply denies having known that the Petitioner wanted to appeal, this Court still would be compelled to give the Petitioner the benefit of the doubt.

Therefore, in accordance with the case law of this Circuit, the Court finds that the Petitioner's Motion to Vacate should be <u>granted</u>. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Thus, the Court will vacate its Judgment so that the Petitioner may appeal his conviction and/or sentence.

### III. <u>NOTICE TO PETITIONER</u>

Mr. Jaimes-Bustos, you are hereby advised that the Clerk has been directed to file a notice of appeal on your behalf to the Fourth Circuit Court of Appeals. If you previously were determined to be indigent in connection with your criminal case, or if you are now indigent and unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees.

### IV. <u>ORDER</u>

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the Petitioner's Motion to Vacate is **GRANTED**;

2. That the Petitioner's original Judgment is **VACATED** due to counsel's failure to file an appeal on the Petitioner's behalf;

3. That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as indicated on the original Judgment form; and

4. The Clerk is further directed to file a notice of appeal on Petitioner's behalf; and

5. Petitioner's Motion to Proceed In Forma Pauperis (attached to Motion to Vacate) is **DENIED** as moot. A motion to vacate does not require a filing fee; therefore, in forma pauperis status is not necessary to proceed with the case.

**SO ORDERED**.

Signed: October 16, 2008

Frank D. Whitney
United States District Judge